**RAY et v ZERBE**

Ohio Appeals, 6th Dist, Erie Co

No 467. Decided April 19, 1933

Claude J. Minor, Sandusky, for plaintiffs in error.

Hertlein & Schwer, Sandusky, for defendant in error.

RICHARDS, J.

It is insisted by counsel for plaintiffs in error that no consideration exists for the note and mortgage held by Zerbe and that John Jarrett was not properly joined as a defendant in the original action. By signing the note with the purchasers, he became a surety thereon and liable as such, and no reason is perceived why all the parties could not be joined in one action. This court can discover no want of consideration for the whole transaction. The purchasers of the farm, for the agreed price of $25,000, paid $23,750.00 of the sum by executing a note and mortgage to The Citizens Banking Co. They paid the balance of $1250.00 remaining due on the purchase price by executing a note and mortgage therefor with John Jarrett as surety to F. H. Zerbe. On that note they have made three payments of $75.00 each for interest and one payment of $230.00 on the principal, judgment being rendered against them for the balance remaining due. The transaction amounted to what is known in the law as a novation, that is, a new obligation was substituted for an old one which was extinguished. The purchasers of the farm were indebted to the administrators in the sum of $25,000, and the administrators were indebted to Zerbe in the amount of $1250. By agreement of all parties the purchasers executed a mortgage to the bank for $23,750, whereby an old indebtedness on the farm was extinguished, and the purchasers executed another mortgage to Zerbe for the balance of the amount they owed. By that transaction the purchasers were discharged from their liability to the administrators, who were their original creditors, and became obligated for

a like amount to the bank and Zerbe. Zerbe by this transaction accepted the mortgage and note in cancellation of his claim for a commission against the administrators.

It is suggested in argument that the agreement to pay the commission to Zerbe is invalid because not in writing. It does not appear from the record whether the agreement made with him was at a time when the statute requiring such contracts to be in writing was in effect. However, we regard that as immaterial, because the commission has been paid by his accepting therefor the note and mortgage of third persons.

Finding no error, the judgment will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.